Green, J.
delivered the opinion of the court.
The' defendant Robert B. Lane was a deputy sheriff of Claiborne county, and as such, executed to Rose a receipt for sundry notes and accounts.
This suit is brought to recover damages for neglect and inattention on the part of Lane, in relation to said notes and accounts, whereby the plaintiff alledges he has sustained loss. The court told the jury, that this was clearly a suit against Lane as deputy sheriff; that as such he was not liable, and that the plaintiff could not recover. In this charge we think the court erred. It is certainly true, that the deputy sheriff is not liable for his official acts, except to his principal. But as deputy sheriff, he was bound to do nothing in the premises, except faithfully to execute process that parties might put in his hands. For any misconduct in that behalf, the party injured would have-a remedy against the principal sheriff, and not against his deputy. But this exemption from responsibility for official misconduct, did not prevent him from assuming a responsibility beyond the obligations of his office. If a deputy sheriff choose to become an agent for a plaintiff, and undertake to do more than the law obliges the sheriff to perform, there is nothing in his official situation to prevent him from doing so. In such case, the principal sheriff would not bo liable for any misconduct of his deputy, and unless the deputy were liable himself, to the party -aggrieved, there would be no remedy.
In the case of Lee & Grove vs. Hardaway, 6 Yerg. Rep. 502, this court decided, that a constable who gave his receipt for a note for collection, thereby undertook an agency for the party, and was bound, as such agent, to do more than, .as constable, the law required him to do.
So we think, a deputy sheriff' who executes a receipt for notes to be by him collected, impliedly undertakes an agency for the party, and creates an extra obligation upon himself, and *220 that for negligence or misconduct in the fulfilment of which, he is personally responsible to the party injured.
Reverse the judgment and remand the cause for another trial.
Note — See Paddock vs. Cameron, 8 Cowen, 212: Bacon Title Sheriff letter D.